# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | CRIM. ACTION NO. 3:18-CR-00235-S |
| § | |
| JOSHUA ISRAEL PAGAN ZAPATA (6) § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Joshua Israel Pagan Zapata's ("Defendant") Motion for Compassionate Release Due to COVID-19 [ECF No. 407]. For the following reasons, the Court **DENIES** his requests for compassionate release and for release to home confinement.

### I. BACKGROUND

Defendant was convicted of Conspiracy to Possess with Intent to Distribute a Schedule II Controlled Substance in violation of 21 U.S.C. § 846. *See* Judgment [ECF No. 325] at 1. On October 3, 2019, the Court sentenced him to 63 months' imprisonment, to be followed by three years of supervised release. *See id.* at 2-3. Defendant is now 23 years old and is incarcerated at F.C.I. Seagoville. Through his motion for compassionate release, in which he does not seek a reduction or modification of his sentence but instead requests release to home confinement, Defendant avers that he "has suffered from severe asthma since he was a child" and, "[a]t times, the attacks are too severe for an inhaler and breathing treatments are necessary." ECF No. 407, ¶ 3. Prior to sentencing, Defendant reported that he used a prescribed inhaler and nebulizer three times a week for his asthma. *See* ECF No. 158-1, ¶ 78.

### II. EXHAUSTION

Under 18 U.S.C. § 3582(c)(1)(A), a district court may "reduce the term of imprisonment" upon a "motion of the defendant after the defendant has *fully exhausted* all administrative rights to

appeal a failure of the [BOP] to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); *see also United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020). The exhaustion requirement set forth in § 3582(c)(1)(A) is "a glaring roadblock foreclosing compassionate release," especially where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). In the present case, Defendant explains that he sent correspondence to his warden on July 1, 2020, who responded the next day that Defendant "had not met the requirements for immediate release to home confinement, and that the BOP was taking extraordinary measures to contain the spread of COVID-19." ECF No. 407, ¶ 7. There is no record that Defendant then appealed this denial, much less that he has completed the administrative appeals process. Accordingly, the Court finds that he has not "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf."[1] 18 U.S.C. § 3582(c)(1)(A); *see United States v. Bruteyn*, No. 3:09-cr-00136-M-1, ECF No. 276 at 4 ("Here, Defendant offers no proof that he attempted to exhaust his administrative remedies. He only states that the warden denied his request to be placed on home confinement under the CARES Act.").

---

[1] The Court recognizes that "several courts have concluded that [the exhaustion requirement] is not absolute and that it can be waived by the [G]overnment or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) (collecting authorities). But other courts have recognized that the statutory exhaustion requirement promotes fairness: "Remember that Congress made compassionate release available only to elderly prisoners and those with 'extraordinary and compelling' reasons for release. For such prisoners, time usually will be of the essence." *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (citation omitted). An equitable exception to statutory exhaustion "would make nearly every prisoner eligible to invoke 'irreparable harm' and eligible to jump the line of applications— making the process less fair, not more fair." *Id.* And, even if the Court excused Defendant's failure to fully exhaust his administrative remedies, he would not be entitled to compassionate release for the reasons explained below. *See infra* § III.

2

### III. COMPASSIONATE RELEASE

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But, under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *Chambliss*, 948 F.3d at 692-93 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Muniz*, ___ F. Supp. 3d ___, Crim. A. No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) ("Upon such a motion, a court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that 'extraordinary and compelling reasons warrant such a reduction' and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" (quoting 18 U.S.C. § 3582(c)(1)(A)(i))).[2]

The policy statement applicable to compassionate release—U.S. Sentencing Guidelines Manual § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *Muniz*, 2020 WL 1540325, at *1 (citing U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(1)(A) & cmt. n.1 (U.S. SENTENCING COMM'N 2018) [hereinafter "U.S.S.G."]).

> Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

---

[2] The Court construes Section 3582(c)(1)(A) as expressing Congress's preference that the BOP be the "initial gatekeeper" for compassionate release claims. *United States v. Jemal*, Crim. A. No. 15-570, 2020 WL 1701706, at *3 (E.D. Pa. Apr. 8, 2020). This construction reflects the reality that the BOP is "undoubtedly in the best position to assess any risks that might be posed to an inmate by his prison environment and the COVID-19 virus circulating within it." *Id.*

3

*Id.* (alteration in original) (quoting U.S.S.G. § 1B1.13 cmt. n.1). "The policy statement also requires that the defendant not pose a danger to the safety of the community." *Id.* (citing U.S.S.G. § 1B1.13(2)).

Defendant is 23 years old, but he does report an underlying medical condition (asthma) that, according to the Centers for Disease Control, places him "at a higher risk of developing serious COVID-19 illness." *United States v. Sanmiguel*, No. 3:19-CR-630-B, 2020 WL 3036636, at *1 n.1 (N.D. Tex. June 5, 2020) (citation omitted). But the severity of his asthma as reported in his motion is not consistent with the information he provided to the Court before his sentencing. To the extent that his asthma has worsened, he provides no recent medical records to document his asthma's severity.[3] And, to the extent that he asserts that he "is not being given access to an inhaler, and there are no cleaning products or hygiene products available to him," ECF No. 407, ¶ 4, those complaints, if true, are serious but do not themselves justify release.

Defendant further cites that, as of July 21, 2020, F.C.I. Seagoville has had "1,156 cases between the prison and the Detention Center," ECF No. 407, ¶ 2, but he has provided no evidence that, considering his individual characteristics—his age and the undocumented severity of his asthma—the safety measures that the BOP has implemented are ineffective at protecting him.

To the extent that Defendant requests a sentence modification or reduction, he has therefore not established that he is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of [his] correctional facility." U.S.S.G. § 1B1.13 cmt. n.1. So, applying its discretion, the Court finds that the Sentencing Commission's applicable policy statements do not support Defendant's request.

---

[3] Records are a necessity in cases like this one because the Court "must consider every prisoner individually and [is] cautious about making blanket pronouncements that [particular] categories of prisoners . . . warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." *United States v. Delgado*, No. 3:17-CR-242-B (01), 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

4

Moreover, considering the seriousness of Defendant's offense and the length of time remaining on his custodial sentence, the Court finds that the applicable Section 3553(a) factors favor denial of Defendant's motion.

Finally, to the extent that Defendant requests that the Court release him to home confinement, the Court lacks the authority to do so. Included in the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), PUB. L. NO. 116-136, the federal government's comprehensive response to COVID-19, are provisions expanding the BOP's "'authority under 18 U.S.C. § 3624(c)(2) to release prisoners from custody to home confinement.'" *United States v. Miller*, No. 2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (citation omitted). "But neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *Id.* (citations omitted).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's requests for compassionate release and for release to home confinement.

**SO ORDERED.**

SIGNED August 3, 2020.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

5